IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **ALANA HARRISON, individually and on behalf of all others similarly situated,**<br><br>Plaintiff(s)<br><br>v.<br><br>**MONTGOMERY COUNTY, OHIO,**<br><br>Defendant(s) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983, THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ART I. SEC. 19 OF THE OHIO CONSTITUTION**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiff Alana Harrison ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel, and for her Class Action Complaint against Defendant Montgomery County, Ohio ("County" or "Defendant") states as follows:

**I.      INTRODUCTION**

1. This case seeks relief relating to the deprivation of Plaintiff's and Class members' (defined below) property rights in real property located within Montgomery County, Ohio. Specifically, the County, acting within its governmental capacity and under color of state law, terminated and seized Plaintiff's ownership interest in real estate under the auspices of tax foreclosure proceedings authorized by O.R.C. §§ 323.65, *et seq.*, but in doing so denied Plaintiff and Class members their constitutional right to just compensation.

**II.     PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Alana Harrison is a natural person and a citizen of the state of Ohio.

3. The County is a body politic and corporate organized pursuant to, and possessed of such powers, rights, and privileges as are granted by the general law of the State of Ohio.

4. This action arises under, *inter alia*, 28 U.S.C. § 1983, and the 5th and 14th

Amendments to the United States Constitution, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391. Plaintiff and Defendant are residents of this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendant's conduct complained of herein occurred solely within Montgomery County, Ohio and related to real estate located within Montgomery County, Ohio.

### III. LEGAL BACKGROUND

6. In 2006, the Ohio General Assembly enacted O.R.C. §§ 323.65, *et seq.* (the "Statute") which created an alternative means for county boards of revision to foreclose on real property with outstanding property tax liens if that real property is "abandoned," as defined by O.R.C. § 323.65(A).

7. Unlike traditional tax foreclosure proceedings, a board of revision tax foreclosure conducted pursuant to the Statute does not need to be instituted in court, and is instead conducted by the board of revision itself. O.R.C. § 323.66.

8. The foreclosure proceedings authorized by the Statute also differ from traditional tax foreclosure proceedings because the Statute eliminates the need for a county board of revision to offer a foreclosed property for sale at public auction, and may instead order that the property be directly transferred to a county land reutilization corporation or a political subdivision that has indicated a desire to acquire the property. O.R.C. § 323.71(A)(1); O.R.C. § 323.73(G); O.R.C. § 323.78. Such direct transfers may be ordered in two circumstances: (1) if the total amount of the impositions owed (*i.e.*, all taxes, assessments, and other amounts certified as a lien against the property) exceed the fair market value of the real property (O.R.C. § 323.71(A)(1); O.R.C. § 323.73(G)); or (2) if a county treasurer invokes the "alternative

redemption period" pursuant to O.R.C. § 323.78, regardless of whether the fair market value of the property exceeds the total amount of impositions owed. This lawsuit involves the second of these circumstances.

9. When title to property is transferred to a county land reutilization corporation or a political subdivision pursuant to O.R.C. § 323.78, the entity receiving the property does not pay any consideration for the property other than perhaps some minor fees and costs. O.R.C. § 323.78(B) also provides that upon such direct transfer of a foreclosed property, the property is transferred "free and clear of all impositions and any other liens on the property, which shall be deemed forever satisfied and discharged."

10. Although the Statute permits county boards of revision to transfer foreclosed properties to county land reutilization corporations or political subdivisions even where the fair market value of the property *exceeds* the total amount of impositions owed, the Statute does not provide for the payment of any compensation to property owners whose property is transferred under such circumstances. O.R.C. § 323.78(B). As such, property owners, such as Plaintiff and Class members, receive less than the fair market value for their properties when they are transferred pursuant to O.R.C. § 323.78(B).

11. To demonstrate, assume a property owner owns a property with a fair market value of $25,000 and $10,000 in property tax impositions against it. If the county board of revision orders transfer of the property to the county land bank or a municipality pursuant to O.R.C. § 323.78(B), the property owner loses the entire $25,000 in value because of a $10,000 tax liability – a difference of $15,000. Under this scenario, the county board has taken property without providing just compensation, as required by the 5th and 14th Amendments of the United States Constitution.

## IV. FACTUAL ALLEGATIONS

12. The Montgomery County Board of Revision ("Board of Revision") is a governmental board of the County, originally created pursuant to O.R.C. § 5715.01(B) to hear complaints and revise assessments of real property for taxation. Pursuant to O.R.C. § 5715.02, each Ohio county's Board of Revision is composed of three members: the County Treasurer, the County Auditor, and a member of the County's Board of Commissioners.

13. The Montgomery County Land Reutilization Corporation (the "Land Bank") is an Ohio not for profit corporation organized under the authority of O.R.C. § 1724.04 and operates within Montgomery County, Ohio. The Land Bank was incorporated by the Montgomery County Treasurer pursuant to a resolution adopted by the Montgomery County Board of Commissioners in 2011 to foster the return of unproductive land within the County to tax revenue generating status or devotion to public use. After its incorporation, the Land Bank entered into an agreement with the County to act as the County's agent under O.R.C. § 5722 for the reclamation, rehabilitation, and reutilization of vacant, abandoned, tax foreclosed, and other property within the County. Pursuant to O.R.C. § 1724.03, the Montgomery County Treasurer is a permanent member of the board of directors of the Land Bank. Currently, two of three Montgomery County Commissioners are also members of the board of directors of the Land Bank.

14. Since 2011, the Montgomery County Treasurer has commenced nearly 3,200 delinquent tax foreclosure cases pursuant to the Statute before the Board of Revision.

15. Upon information and belief, in virtually every case in which a judgment of foreclosure was entered, the real property was transferred directly to the Land Bank or a political subdivision.

16. In a substantial majority of those cases—perhaps in as many as 85%—the Montgomery County Treasurer invoked the alternative redemption period contained in O.R.C. § 323.78, meaning that the value of the property transferred *exceeded* the amount of the impositions on that property.

17. In each case in which the Montgomery County Treasurer invoked the alternative redemption period contained in O.R.C. § 323.78, the Board of Revision issued *Findings of Fact as to Value*, which contain specific findings as to the value of each property, as well as the total amount of the impositions attributable to each property.

V. **FACTS RELEVANT TO PLAINTIFF**

18. On August 30, 2017, the Montgomery County Treasurer instituted a tax foreclosure case before the Board of Revision against Plaintiff, Case No. 2017-BR-0653 ("Plaintiff's Foreclosure Case"). Plaintiff's Foreclosure Case involved real property (the "Property") titled in the name of Plaintiff's deceased mother, Frances Brooks, Plaintiff, and Plaintiff's siblings. The Property comprised two parcels, 3205 Dandridge Ave, Dayton, Ohio, which included a house, and an adjoining vacant lot (Parcel Nos. R72 12204 0015 and R72 12204 0052).

19. At the time Plaintiff's Foreclosure Case was commenced, Plaintiff was vested with at least an undivided one-fourth interest in the Property.

20. After receiving the summons and complaint in Plaintiff's Foreclosure Case, Plaintiff filed an answer with the Board of Revision. In her answer, Plaintiff expressed a desire to save the Property from foreclosure.

21. On June 22, 2018, the Board of Revision issued three orders in Plaintiff's Foreclosure Case: (1) *Adjudication of Foreclosure (Direct Transfer)*, which found that

foreclosure was appropriate and that the Treasurer had invoked the alternative redemption period of O.R.C. 323.78; (2) *Findings of Fact as to Value*, which found the value of the Property was $22,600.00 and the total impositions on the Property were $19,664.44; and (3) *Order to Sheriff to Transfer to Electing Subdivision with Delivery Instructions to Clerk*, which ordered the Sheriff to issue a deed transferring the Property to the Land Bank. None of these orders were filed with the clerk of court until August 20, 2018.

22. Pursuant to the *Adjudication of Foreclosure (Direct Transfer)* and the *Order to Sheriff to Transfer to Electing Subdivision with Delivery Instructions to Clerk*, on August 31, 2018, the Montgomery County Sheriff issued a deed transferring the Property to the Land Bank.

23. According to the *Findings of Fact as to Value* issued by the Board of Revision in Plaintiff's Foreclosure Case, the difference between the value of the Property and the amount of the impositions on the Property was $2,935.56. However, Plaintiff did not receive any compensation in connection with that amount of equity in the Property.

24. As a result of the proceedings in Plaintiff's Foreclosure Case described above, Plaintiff has been denied title, possession, use, and enjoyment of the Property, which was taken by the County for public use without just compensation as required by the Fifth Amendment to the United States Constitution—as applied to the County under the Fourteenth Amendment to the United States Constitution—and as required by Article 1, Section 19 of the Ohio Constitution.

## VI. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Fed R. Civ. P. 23 on behalf of a class of all similarly situated individuals and entities (the "Class"), defined as follows:

> All persons whose interest in real property located in Montgomery County, Ohio was directly transferred to another entity through the

6

invocation and use of the procedures set forth in O.R.C. § 323.78, where the total value of that property exceeded the amount of the impositions on that property at the time the transfer occurred.

Excluded from the Class are: (1) Defendant; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

22. **Numerosity**: Upon information and belief, the Class is so numerous that joinder of all members is impractical. Although Plaintiff does not know the exact size of the Class at this time, Plaintiff estimates the number of Class members to exceed 2,000 based on information available in the public record. The exact number of members in the Class can be ascertained through discovery, and can easily be identified through Defendant's records or by other means.

23. **Commonality and Predominance**: All members of the Class have been subject to and affected by a uniform course of conduct. Specifically, all Class members' real property was taken from them without payment of any compensation for the amount that the value of their properties exceeded the impositions due on their properties. There are questions of law and fact common to the proposed Class that predominate over any individual questions.

24. **Typicality**: Plaintiff's claims are typical of the Class. Plaintiff's and Class members' claims arise from the same type of foreclosure proceedings before the Board of Revision instituted under the same statutory provisions.

25. **Adequacy**: Plaintiff will adequately represent the interests of the Class and does not have any interests adverse to the Class. Plaintiff has retained competent counsel experienced in complex class action litigation.

26. **Superiority**: A class action is the superior method for the quick and efficient adjudication of this controversy. As noted above, Plaintiff's and Class members' claims are all

based on the same legal and factual issues. If individual Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.

## COUNT I
## 42 U.S.C. § 1983

27. Plaintiff repeats and realleges paragraphs 1-26 with the same force and effect as though fully set forth herein.

28. At all relevant times, the County was a "person" as interpreted in 42 U.S.C. § 1983.

29. At all relevant times, there was in effect 42 U.S.C. §1983, which states in relevant part:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

30. The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty or property, without due process of law."

31. The Fifth Amendment's "Takings Clause" of the United States Constitution states that "nor shall private property be taken for public use, without just compensation." The Takings Clause is made applicable to the County by way of the Fourteenth Amendment to the United States Constitution.

32. At all relevant times, the County had a duty and obligation to comply with the U.S. Constitution when conducting foreclosure proceedings pursuant to the Statute.

33. Plaintiff and Class members each owned private property protected from public taking without just compensation by the Fifth Amendment to the United States Constitution.

34. Plaintiff's and Class members' real property was directly transferred pursuant to O.R.C. § 323.78.

35. At the time Plaintiff's and Class members' real property was directly transferred pursuant to O.R.C. § 323.78, the value of that property exceeded the amount of impositions on that property.

36. When Plaintiff's and Class members' real property was directly transferred pursuant to O.R.C. § 323.78, Plaintiff and Class members did not receive any compensation to account for the amount that the value of their properties exceeded the amount of impositions on their properties.

37. Accordingly, through use of the direct transfer mechanism of O.R.C. § 323.78, Defendant, acting under color of law, took Plaintiff's and Class members' property without just compensation.

38. As a direct and proximate result of Defendant's actions, Plaintiff and the Class have been damaged in the amount by which the value of each property so transferred exceeded the total amount of the impositions attributable to that property.

## COUNT II
### Art. I, Section 19 of the Ohio Constitution

39. Plaintiff repeats and realleges paragraphs 1-26 with the same force and effect as though fully set forth herein.

40. Pursuant to Article 1, Section 19 of the Ohio Constitution "where private property shall be taken for public use, a compensation therefor shall first be made in money."

41. At all relevant times, the County had a duty and obligation to comply with the Ohio Constitution when conducting foreclosure proceedings pursuant to the Statute.

42. Plaintiff and Class members each owned private property protected from public taking without just compensation by Article 1, Section 19 of the Ohio Constitution.

43. Plaintiff's and Class members' real property was directly transferred pursuant to O.R.C. § 323.78.

44. At the time Plaintiff's and Class members' real property was directly transferred pursuant to O.R.C. § 323.78, the value of that property exceeded the amount of impositions on that property.

45. When Plaintiff's and Class members' real property was directly transferred pursuant to O.R.C. § 323.78, Plaintiff and Class members did not receive any compensation to account for the amount that the value of their properties exceeded the amount of impositions on their properties.

46. Accordingly, through use of the direct transfer mechanism of O.R.C. § 323.78, Defendant took Plaintiff's and Class members' property without just compensation.

47. None of the property directly transferred by Defendant pursuant to O.R.C. § 323.78 was taken in time of war or for any other public exigency imperatively requiring its immediate seizure, or for the purpose of making or repairing roads.

48. As a direct and proximate result of Defendant's actions, Plaintiff and the Class have been damaged in the amount by which the value of each property so transferred exceeded the total amount of the impositions attributable to that property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for an Order as follows:

    A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

    B.    Designating Plaintiff as representative of the Class and her undersigned counsel as Class Counsel;

    C.    Entering judgment in favor of Plaintiff and the Class and against Defendant;

    D.    Issuing an order awarding Plaintiff and Class members their damages as requested herein, plus interest as provided for by applicable law;

    E.    Ordering Defendant to provide an accounting of the amount by which the value of each property so transferred exceeded the total amount of the impositions attributable to that property, and imposing a constructive trust on that money for the benefit of Plaintiff and the Class;

    F.    Awarding Plaintiff reasonable attorney's fees and costs; and

    G.    Granting all such further and other relief as the Court deems just and appropriate.

**JURY DEMAND**

Plaintiff and the Class demand a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Andrew M. Engel*
Andrew M. Engel (0047371)
ANDREW M. ENGEL CO., LPA
7925 Paragon Road
Dayton, Ohio 45459
937.221.9819 telephone
937.433.1510 facsimile
aengel@amengellaw.com

11

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

Thomas A. Zimmerman, Jr.
(*pro hac vice anticipated*)
Matthew C. De Re
(*pro hac vice anticipated*)
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*firm@attorneyzim.com*

*Counsel for Plaintiff and the Putative Class*