# EXHIBIT A

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 08, 2021

Ms. Emily K. Anglewicz
Roetzel & Andress
222 S. Main Street
Suite 400
Akron, OH 44319

Mr. Stephen W. Funk
Roetzel & Andress
222 S. Main Street
Suite 400
Akron, OH 44319

Mr. Marc E. Dann
The Dann Law Firm
15000 Madison Avenue
Lakewood, OH 44107

Mr. Adam D. Jutte
Cuyahoga County Prosecutor's Office
310 W. Lakeside Avenue
Suite 300
Cleveland, OH 44113

Mr. David G. Lambert
Cuyahoga County Prosecutor's Office
1200 Ontario Street
Eighth Floor
Cleveland, OH 44113

Re: Case No. 21-301, *In re: Tarrify Properties, LLC*
Originating Case No. : 1:19-cv-02293

Dear Counsel,

  The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Sharday S. Swain on behalf of:
Case Manager Antoinette Macon
Direct Dial No. 513-564-7015

cc: Ms. Sandy Opacich

Enclosure

No mandate to issue

No. 21-0301

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 08, 2021
DEBORAH S. HUNT, Clerk

In re: TARRIFY PROPERTIES, LLC, individually )
and on behalf of all others similarly situated, )   O R D E R
                                                                                    )
       Petitioner.                                       )

Before: MOORE, WHITE, and THAPAR, Circuit Judges.

The panel delivered an order granting a petition to appeal a motion denying class certification. THAPAR, J., dissented.

Plaintiff Tarrify Properties, LLC, petitions individually and on behalf of all others similarly situated, for permission to appeal the district court's denial of its motion to certify a class under Federal Rule of Civil Procedure 23. Defendant Cuyahoga County, Ohio, opposes the petition.

Federal Rule of Civil Procedure 23(f) authorizes circuit courts to "permit an appeal from an order granting or denying class-action certification." "The court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment. Still, "Rule 23(f) appeal is never to be routine." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (per curiam). We "eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *Id.* While the petitioner must always "demonstrate some likelihood of success in overturning the class certification decision," we also examine whether the case "raises a novel or unsettled question," the risk to the parties in the absence of interlocutory review, "the posture of the case as it is pending

before the district court," and whether refusing review will effectively terminate the litigation by forcing defendants to settle rather than risk trial. *Id*. at 960.

We review the district court's denial of class certification for an abuse of discretion. *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015). The Fifth Amendment prohibits government takings of property without just compensation. *See* U.S. Const. amend. V. Just compensation has long been understood to mean the property's "fair market value." *See United States v. Miller*, 317 U.S. 369, 374 (1943). "Under this standard, the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking." *United States v. Barr*, 617 F.3d 370, 375 (6th Cir. 2010) (quoting *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10 (1984)).

The district court concluded that there was no reliable method of determining the fair market values of the foreclosed properties without individually appraising each one. The district court rejected Tarrify's proposed method—using the true value assessed by the County's auditor for tax purposes—concluding that tax assessments differ from fair market value in two key aspects: tax valuations and sales appraisals are performed for different purposes and calculated in different ways; and even if both focused on the same valuation measure, the tax appraisals were completed only once every six years.

Tarrify argues that the district court abused its discretion in three ways: (1) by concluding that the county auditor's tax valuations are an unreliable measure of each property's fair market value; (2) by ignoring that the County had to conclusively establish value to support the foreclosures; and (3) by deciding that the County's prior reliance on the auditor's tax valuation did not have preclusive effect. We have never squarely addressed whether a tax valuation is competent

direct evidence of value for purposes other than taxation, and Ohio law suggests that it might be a reliable indicator of the fair market value of a property.

Based on recent challenges brought before this court in other states, the issue is likely to arise again. Plaintiffs risk significant expenditures of time and resources if the certification issue is not resolved at the outset, which could force them to forego relief. Finally, it is unlikely that the district court will revisit its certification decision, and the appeal is limited to class certification issues.

The petition to appeal the denial of the motion for class certification is **GRANTED**.

Judge Thapar dissents.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk