UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Alana Harrison,**

        *Plaintiff*,

v.                                                                               **Case No. 3:19-cv-288**
                                                                                      **Judge Thomas M. Rose**

**Montgomery County, Ohio,**

        *Defendant*.

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM, DOC. 47, GRANTING DEFENDANT'S MOTION TO STRIKE CLASS ACTION ALLEGATIONS, DOC. 38, AND FINDING MOOT DEFENDANT'S MOTION TO STAY CLASS-BASED DISCOVERY. DOC. 39.**

---

Pending before the Court are Defendant's Motion to Strike Class Action Allegations, doc. 38, Defendant's Motion to Stay Class-Based Discovery, doc. 39, and Defendant's Motion for Leave to File Supplemental Memorandum. Doc. 47. Plaintiff's response to Doc. 47 was due July 7, 2022.

Defendant's Motion for Leave to File Supplemental Memorandum, Doc. 47, is **GRANTED**, and the Court has considered Defendant's proposed supplemental memorandum. Doc. 47-1. Because determination of the composition of Plaintiff's proposed class is an elusive task, Defendant's Motion to Strike Class Action Allegations, doc. 38, will be **GRANTED**. Because there is no need for class discovery, Defendant's Motion to Stay Class-Based Discovery, doc. 39, is **MOOT**.

1

Defendant asserts there is a "central defect" in Plaintiff's claim that precludes class certification under Fed. R. Civ. P. 23. See *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). According to Defendant, the takings claims at issue are not susceptible to class action treatment because Plaintiffs are legally barred from using or relying upon the county auditor's most recent tax appraisal to demonstrate the fair market value of each tax-foreclosed property at the time of each alleged transfer. Doc. 39 (citing *Tarrify Properties, LLC v. Cuyahoga Cty.*, No. 1:19-CV-2293, 2020 WL 7490096, *3-5 (N.D. Ohio Dec. 21, 2020). Thus, Defendant posits, the proposed class action cannot satisfy the ascertainability, predominance, and superiority requirements under Fed. R. Civ. P. 23(b)(3), because each proposed member of the class would have to present individualized appraisal evidence to demonstrate that they are a member of the plaintiff class, have a potential takings claim and should be awarded damages. Doc. 38, PageID 750.

The Sixth Circuit recently affirmed the case Defendant cites, *Tarrify Properties*. "While the claimants share a common legal theory—that the targeted Ohio law does not permit them to capture equity in their properties after the county transfers them to a land bank—they do not have a cognizable common theory for measuring the value in each property at the time of transfer." *Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, No. 21-3801, 2022 WL 2128816, at *1 (6th Cir. June 14, 2022). Put briefly:

> The district court did not abuse its discretion in denying Tarrify's motion to certify this class. Its decision does not require us to dig too deep into the weeds of class action law because the key impediment to certifying the class—identification of proposed members of the class—haunts every consideration. Although our court typically analyzes each Civil Rule 23 requirement independently, *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 459–65 (6th Cir. 2020), the analysis may sometimes overlap. Over

> and over, courts have explained that elusive class composition often undermines efforts to meet the ascertainability, predominance, and superiority requirements. *Cf. Sandusky Wellness Ctr.*, 863 F.3d at 471–72 (collecting cases and noting how class identity problems can be analyzed under all three requirements).

*Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, No. 21-3801, 2022 WL 2128816, at *3 (6th Cir. June 14, 2022). Particularly, "the 'general rule' in Ohio [is] that 'the assessed valuation of property is not evidence of value for' non-tax purposes." *Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, No. 21-3801, 2022 WL 2128816, at *5 (6th Cir. June 14, 2022) (citing *Ohio Cas. Ins. Co. v. D & J Distrib. & Mfg., Inc.*, No. L–08–1104, 2009 WL 2356849, at *4 (Ohio Ct. App. July 31, 2009) (quotation omitted); *Cincinnati v. Jennewein*, No. C-77240, 1978 WL 216461, at *1 (Ohio Ct. App. June 7, 1978)).

Plaintiff counters that Defendant's motion to strike is improper for two reasons. First, the motion was filed after Defendant filed its Answer. According to Rule 12(f), such motions are to be filed before filing a responsive pleading. Second, Rule 12(g) requires all motions under Rule 12 to be joined together. Because Defendant has previously filed a motion to dismiss, Plaintiff asserts, it cannot now file a motion to strike.

Defendant previously moved this Court for dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6). Although this Court granted that motion on res judicata grounds, the Sixth Circuit reversed the dismissal and remanded the case for further proceedings. Defendant then filed its Answer to the Amended Complaint. Answer to Amended Complaint, Doc. 37, PageID 733. Immediately after filing its Answer, Defendant filed its Motion to Strike Class Action Allegations. Motion to Strike Class Action Allegations, Doc. 38, PageID 745. Defendant reminds the Court that Rule 12(f) requires that a motion to strike be filed before a responsive pleading.

However, a motion to strike class action allegations is authorized by Rule 23(c)(1)(A), and "a defendant may freely move for resolution of the class-certification question whenever it wishes . . ." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)," and that the court is not "obliged to wait for a motion" for class certification by the Plaintiff in order to decide whether a class may be certified. *Id.* (citing Mary Kay Kane, *Wright & Miller*, 7AA FED. PRAC. & PROC. CIV. § 1785 (3d ed.)). While some federal courts have cited Rule 12(f) as authorizing a motion to strike class action allegations, the Sixth Circuit has held that motions to strike class action allegations are also authorized by Rule 23(c)(1) and can be filed at any time. *Pilgrim*, 660 F.3d at 949.

Moreover, Defendant's Motion did not ask the Court to consider evidence outside the pleadings, since the Amended Complaint references the Board of Revision's Adjudication of Foreclosure, Findings of Fact, and Order to Sheriff that are attached as Exhibits 2, 3, and 4 to Defendant's Motion to Strike. (Doc. 15, Amd. Compl. ¶ 29-31). Thus, the rule governing the conversion of a motion to dismiss into a motion for summary judgment [Fed. R. Civ. P. 12(d)] does not apply to a motion to strike class action allegations.

Finally, class actions often involve a "huge amount of judicial resources." *Pipefitters Local 636 v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011). Thus, "the district court should decide whether to certify a class 'at the earliest possible time' in the litigation," and thus has expressly upheld the defendant's right to file a motion to strike the class action allegations where, as here, the plaintiff cannot satisfy the class action requirements, and no "discovery and

4

further development would alter the central defect in this class claim." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

Fed. R. Civ. P. 26(b)(1), requires that federal courts ensure that any discovery is "*proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit." Id. (emphasis added).

District courts have "broad discretion under the rules of civil procedure to manage the discovery process and to control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010); *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). Moreover, they also have broad discretion to "adopt[ ] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." *A&P Tech., Inc. v. Lariviere*, No. 1:17- CV-534, 2017 WL 6606961, at *7 (S.D. Ohio Dec. 27, 2017) (citations omitted). In so doing, the court generally "weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10–cv–219, 2010 WL 3719245, at *1 (S.D. Ohio Sept.16, 2010) (citing O*hio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06– cv–549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)).

The threshold legal issues presented in Defendant's Motion to Strike do not rise or fall with whether Plaintiff can develop a class-based methodology for determining the amount of damages. Rather, the central legal defects in the proposed Rule 23(b)(3) class action arise from the fact that

5

individualized factual determinations would be necessary to prove that an individual (a) is a member of the proposed class, as defined by the Amended Complaint, (b) has suffered an injury-in-fact, and (c) has a valid takings claim under the Plaintiff's legal theory of the case. (Doc. 38, Motion to Strike Class Action Allegations, pp. 10-18, PageID 759-67). Thus, any discovery on class-based damages is not necessary at this juncture and would only cause the parties to incur the significant time, burden and expense of conducting class-based discovery about an issue that ultimately may not be relevant if Harrison cannot overcome the threshold legal issues presented in Defendant's Motion.

Because determination of the composition of Plaintiff's proposed class is an elusive task, Defendant's Motion to Strike Class Action Allegations, doc. 38, will be **GRANTED**. Because there is no need for class discovery, Defendant's Motion to Stay Class-Based Discovery, doc. 39, is **MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 11, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE