IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ALANA HARRISON, | CASE NO. 3:19-CV-00288-TMR |
| Plaintiff, | JUDGE THOMAS M. ROSE |
| vs. | |
| MONTGOMERY COUNTY, | |
| Defendant. | |

**DEFENDANT MONTGOMERY COUNTY'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
TO RE-ASSERT CLASS ACTION ALLEGATIONS**

Plaintiff's Motion to for Leave to File a Second Amended Complaint (Doc. #49) is a legally meritless and completely futile attempt to circumvent the Sixth Circuit's conclusive ruling that the Plaintiff's takings claims require "individualized determinations" that are not capable of classwide resolution. *Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, 37 F.4th 1101, 1106 (6th Cir. 2022). Indeed, in seeking leave to amend the complaint, Harrison completely ignores binding Supreme Court precedent, which makes clear that the proper remedy for an alleged taking is money damages, not injunctive or declaratory relief. *See Knick v. Twp. of Scott*, --- U.S. ---, 139 S.Ct. 2162, 2176 (2019). Thus, Harrison cannot overcome the central defect in her proposed class action allegations simply by requesting declaratory relief, particularly since she lacks Article III standing to prosecute a claim for declaratory or injunctive relief on behalf of herself or any alleged class. *Dorce v. City of New York*, 2 F.4th 82, 96 (2d Cir. 2021) (holding that named plaintiffs lacked Article III standing to prosecute claims for injunctive and declaratory relief because their alleged takings claims were based upon a prior tax foreclosure proceeding that had already occurred).

Similarly, Plaintiff's alternative legal theories for certifying a class are legally meritless and wrongfully ignore binding Supreme Court precedent. In seeking to certify a class under Rule 23(b)(1) or (b)(2), in fact, Plaintiff's Motion completely ignores the Supreme Court's ruling in *Wal-Mart v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541 (2011), which held that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages" if they prevail on their claims for declaratory and injunctive relief. *Id.* at 360-361. Indeed, in *Dukes*, the Supreme Court held that it would raise significant due process concerns if Plaintiff were able to circumvent the notice and opt out procedures of a Rule 23(b)(3) class action simply by characterizing their damages claims as claims for declaratory or injunctive relief. *Id.* at 360-361, 131 S.Ct. 2541. The same principle applies to Rule 23(b)(1). *Clemons v. Norton Healthcare Inc. Retirement Plan*, 890 F.3d 254, 281 (6th Cir. 2018) ("[T]he due process concerns that led the Court to conclude that 'individualized monetary claims belong in Rule 23(b)(3)' are similar for (b)(1) classes"). Accordingly, the Court should reject Plaintiff's attempt to circumvent the requirements for a Rule 23(b)(3) class action simply by re-casting their damages claims as claims for declaratory relief. *See AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1179 (11th Cir. 2019) ("mere recitation of a request for declaratory relief cannot transform damages claims into a Rule 23(b)(2) class action").

Harrison's Second Amended Complaint also is futile because, in seeking leave to re-assert her class action allegations under Rule 23(b)(1) and (b)(2), Harrison completely ignores the fact that the Sixth Circuit has <u>already</u> <u>held</u> that liability for each alleged takings claim "requires individualized determinations ill-equipped for classwide proof." *Tarrify*, 37 F.4th at 1106. This is fatal to Plaintiff's alternative legal theory because, as the Supreme Court explained in *Dukes*, the "commonality" and "typicality" requirements of Rule 23(a)(2) and (a)(3) cannot be satisfied if

the "central" issue that determines the validity of each alleged claim is not "capable of classwide resolution." *Id.*, 564 U.S. at 350, 131 S.Ct. 2541. Moreover, given that Harrison lacks Article III standing to prosecute a claim for declaratory relief, she clearly is not an adequate representative to prosecute a claim for declaratory relief on behalf the proposed class. *Woodall v. Wayne Cnty., Michigan*, No. 20-1705, 2021 WL 5298537, *4-5 (6th Cir. Nov. 15, 2021). Accordingly, there is nothing in Rules 23(b)(1) or (b)(2) that can change the fact that the alleged takings claims are not "capable of classwide resolution," as the Sixth Circuit has already held.

Finally, the Court should reject Harrison's attempt to re-allege a Rule 23(b)(3) "sub-class" by changing her proposed class definition. While Harrison attempts to argue that her proposed Rule 23(b)(3) sub-class does not require individual adjudications because it relies upon the Board of Revision's "Findings of Fact as to Value," this argument already has been heard and rejected by this Court in granting the County's Motion to Strike Class Action Allegations. As previously discussed in our prior briefing, the Board of Revision's finding of value cannot be used to establish the merits of the alleged takings claims because it is based upon the <u>auditor's most recent tax valuation</u> and is made for a <u>different</u> <u>statutory</u> <u>purpose</u>. (Doc. #45, Def. Reply, PageID#848-856); (Doc. #48, Def. Supp. Mem., PageID#879-880). Thus, as the Sixth Circuit explained in *Tarrify*, it does not solve the "mini-trial problem" of the proposed class action because it "does not solve the problem of time, location, interior value, and other realties of measuring the fair market value of abandoned properties at the time of an alleged taking." *Id.*, 37 F.4th at 1108-09.

For all of these reasons, therefore, the Court should deny Plaintiff's Motion for Leave to File a Second Amended Complaint. Plaintiff's proposed amendment is based upon a flawed legal theory that ignores binding Supreme Court precedent and fails to cure the central defects in the proposed class action. Accordingly, Harrison's Motion for Leave should be denied by this Court.

**LAW AND ARGUMENT**

I. **THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR LEAVE BECAUSE THE PROPOSED AMENDMENTS TO REQUEST DECLARATORY RELIEF AND TO ALLEGE A RULE 23(B)(1) OR (B)(2) CLASS ACTION ARE LEGALLY MERITLESS AND COMPLETELY FUTILE.**

The Sixth Circuit has held that "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). It is well established, therefore, that the Court "need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Here, Harrison's Motion for Leave has been filed for the sole purpose of circumventing the Sixth Circuit's decision in *Tarrify* and re-asserting the class action allegations that were previously stricken by this Court. (Doc.#49, Pl. Mot. for Leave, pg. 2, PageID#897). Plaintiff's attempt to certify a class action for her alleged takings claims should be rejected on futility grounds, however, because it ignores binding Supreme Court precedent and fails to rectify the central defect in the proposed class action. Indeed, as discussed more fully below, nothing in Harrison's Motion for Leave can change the fact that the proper remedy for her alleged takings claim is <u>damages</u>, and that the adjudication of each alleged takings claim would require <u>individualized</u> <u>determinations</u> in order to prove both <u>liability</u> and <u>damages</u>. Harrison, in fact, lacks Article III standing to allege a claim for prospective declaratory relief on behalf of herself or any proposed class. *Dorce*, 2 F.4th at 95-96. Thus, her new, proposed Rule 23(b)(1) and (b)(2) class action is completely meritless and does not rectify the central defect in her class action allegations.

4

    **A.**    **Plaintiff's Request For Declaratory Relief Is Legally Meritless And Should Be Rejected On Futility Grounds.**

Plaintiff's proposed Second Amended Complaint is based upon the legal theory that Harrison should be permitted to prosecute a claim for "declaratory relief" on behalf of the proposed class. As previously discussed, however, the Supreme Court held in *Knick* that the proper remedy for an alleged takings claim based upon the failure to pay just compensation is money <u>damages</u>. *Id.*, 139 S.Ct. at 2176-2177. Thus, since *Knick* was decided, the federal courts have consistently dismissed claims for injunctive and declaratory relief that are based upon an alleged violation of the Just Compensation Clause. *See, e.g.*, *Local 360 Laborers' Int'l Union of N. Am. v. Neff*, No. 1:20-CV-02714, 2021 WL 2477021,*6 (N.D. Ohio 2021), *aff'd*, 29 F.4th 325 (6th Cir. 2022) (dismissing claim for injunctive relief that was based upon an alleged takings claim); *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1064 (E.D. Cal. 2021) ("to the extent that Plaintiffs seek declaratory or injunctive relief under the takings claim, such relief is inappropriate."); *Daugherty Speedway, Inc. v. Freeland*, 520 F. Supp. 3d 1070, 1075 (N.D. Ind. 2021) (dismissing injunctive relief portion of alleged takings claim); *Hund v. Cuomo*, 501 F. Supp. 3d 185, 206 (W.D.N.Y. 2020) (dismissing the injunctive-relief portion of alleged takings claim); *see also California Rental Hous. Ass'n v. Cnty. of San Diego*, 550 F. Supp. 3d 853, 865 (S.D. Cal. 2021) ("If the Ordinance results in takings, the remedy is money damages, not an injunction") (citing *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 741, 130 S.Ct. 2592, 177 L.Ed.2d 184 (2010) (Kennedy, J., concurring) ("It makes perfect sense that the remedy for a Takings Clause violation is only damages, as the Clause does not proscribe the taking of property; it proscribes taking without just compensation").

Here, although the Second Amended Complaint does not seek injunctive relief, Harrison's request for "declaratory" relief is essentially the same as her claim for money damages because it

is merely seeking a declaration that Harrison is entitled to recover an individualized award of damages if she can establish that the "fair market value" of the property was greater than the amount of taxes owed. This is an improper use of the Declaratory Judgment Act because such a declaration would have "the same effect as a full-fledged award of damages." *Green v. Mansour*, 474 U.S. 64, 73, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). Thus, in considering takings claims alleged against the federal and state government, the Sixth Circuit has recognized that takings claims for declaratory relief are essentially the same as a takings claim for damages, and thus cannot be used to circumvent the Tucker Act or the Eleventh Amendment. *Ladd v. Marchbanks*, 971 F.3d 574, 580-581 (6th Cir. 2020); *Brott v. United States*, 858 F.3d 425, 435-436 (6th Cir. 2017).

Although *Ladd* and *Brott* involved plaintiffs who alleged declaratory relief claims in order to circumvent the Tucker Act and the Eleventh Amendment, it is based upon the well-established principle that "declaratory relief is inappropriate to adjudicate past conduct, such as when the damages have already accrued." *See* 12 James Wm. Moore et al., Moore's Federal Practice § 57.04 (3d Ed.). As the Sixth Circuit has explained, declaratory relief, like injunctive relief, is intended to grant prospective relief. *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) ("Past harm does allow a plaintiff to seek damages, 'but it does not entitle a plaintiff to seek injunctive or declaratory relief'") (citations omitted). Thus, the district courts in the Sixth Circuit have consistently recognized that "a declaratory judgment is inappropriate if it is used solely to adjudicate past conduct." *Woodhead v. Ridener*, No. CV 5:21-189-DCR, 2021 WL 4097137, at *4 (E.D. Ky. Sept. 8, 2021); *see also McGowan v. Beecher*, No. 1:20-CV-851, 2020 WL 6390203, at *6 (W.D. Mich. Nov. 2, 2020); *Blankenship v. City of Crossville*, No. 2:17-CV-00018, 2017 WL 4641799, at *6 (M.D. Tenn. Oct. 17, 2017); *Taylor v. Adams*, No. 5:11CV-P164-R, 2012 WL 3060654, at *5 (W.D. Ky. July 26, 2012).

6

Here, Harrison's alleged takings claim does not seek prospective relief because it is based upon an alleged past injury that arose when her tax foreclosure proceeding was concluded, and is seeking a legal determination that the Board's past conduct entitled Harrison to recover money damages for an alleged taking. Indeed, Harrison's entire posture in this litigation – and in her proposed Second Amended Complaint – has not been for the return of the tax-foreclosed property at issue, but merely for the payment of "just compensation" for the alleged "taking" of the "surplus equity" in the property that she believes exists. Thus, since Harrison's request for "declaratory" relief only seeks an adjudication of whether the Board's past conduct gives rise to a claim for money damages, it seeks retrospective relief that is not proper under the Declaratory Judgment Act, and cannot be used to circumvent the mandatory requirements for a Rule 23(b)(3) class action. *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1178-1179 (11th Cir. 2019) (holding that plaintiff's claim for declaratory relief sought "retrospective" relief that was no different than the alleged damages claim, and thus could not be used to circumvent the mandatory requirements of Rule 23(b)(3))).

Indeed, because Harrison's takings claim is based upon a past injury that likely will not recur in the future, she lacks Article III standing to prosecute a claim for declaratory relief. *Kanuszewski*, 927 F.3d at 406 (holding that a plaintiff cannot obtain "standing for declaratory relief" unless he can satisfy the "same requirements as obtaining standing for injunctive relief") (citing *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)). With respect to this Article III standing issue, in fact, the Second Circuit's recent opinion in *Dorce v. City of New York*, 2 F.4th 82 (2d Cir. 2021), is directly on point because it also involved an alleged takings claim that was based upon the direct transfer of tax-foreclosed property. Upon review, the Second Circuit held that the named plaintiffs lacked standing to prosecute a claim for declaratory and

7

injunctive relief because their alleged takings were based upon direct transfers that occurred <u>before</u> the filing of the complaint, and "[p]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy" under Article III. *Id.* at 96. Thus, while the Second Circuit held that the named plaintiffs had standing to sue for damages, they did not have Article III standing to request declaratory or injunctive relief on behalf of themselves or on behalf of the proposed class. *Id.* at 95-96.

While Harrison will likely argue that she has standing to prosecute a claim for declaratory relief because the alleged harm is "ongoing" and has "continuing effects," this argument was expressly heard and rejected by the Second Circuit in *Dorce*, which is directly on point. As in this case, the plaintiffs in *Dorce* also argued that their alleged takings claims caused "ongoing harm," but the Second Circuit <u>expressly</u> <u>rejected</u> this argument, finding that "[p]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy" with respect to potential future similar wrongs. *Id.* at 96. Indeed, as the Supreme Court explained in *Knick*, the failure to pay just compensation for an alleged taking of property is, by definition, a <u>past</u> injury because "the violation is complete at the time of the taking." *Knick*, 139 S.Ct. at 2177. Thus, Harrison's sole remedy for the alleged failure to pay just compensation is money <u>damages</u>, and she therefore lacks Article III standing to request declaratory relief on behalf of herself or on behalf of the alleged class. *Dorce*, 2 F.4th at 95-96.

    **B.**    **Harrison's Proposed Rule 23(b)(1) And Rule 23(b)(2) Class Action Is Also Meritless And Should Be Rejected By This Court.**

        **1.**    **Harrison Cannot Circumvent The Requirements For A Rule 23(b)(3) Class Action Merely By Re-Casting Her Damages Claim As A Claim For Declaratory Relief.**

Harrison's request to amend her complaint to allege a class action under Rule 23(b)(1) and 23(b)(2) also is meritless and wrongfully ignores Supreme Court precedent. In her Motion, in fact,

8

Harrison completely ignores the Supreme Court's binding precedent in *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541 (2011), which held that Rule 23(b)(2) does not authorize a class action where the granting of declaratory or injunctive relief would entitle each class member to "an individualized award of monetary damages." *Id.* at 360-361. Indeed, in *Dukes*, the Supreme Court held that it would raise significant due process concerns if Plaintiff were able to circumvent the notice and opt out procedures of Rule 23(b)(3) simply by characterizing their damages claims as claims for declaratory or injunctive relief. *Id*. The same principle applies to class actions under Rule 23(b)(1). *Clemons v. Norton Healthcare Inc. Retirement Plan*, 890 F.3d 254, 281 (6th Cir. 2018) ("[T]he due process concerns that led the Court to conclude that 'individualized monetary claims belong in Rule 23(b)(3)' are similar for (b)(1) classes").

Here, as previously discussed, Harrison's claim for "declaratory relief" is essentially the same as her claim for damages because, under *Knick* and the case law cited above, the remedy for Harrison (or any potential class member) who can demonstrate that the fair market value of a tax-foreclosed property exceeded the taxes owed would be a claim for <u>damages</u>, not a claim for declaratory or injunctive relief. This is fatal to any Rule 23(b)(2) class action because, as the Wright and Miller treatise explains, "an action seeking a declaration concerning defendant's conduct that appears designed simply to lay the basis for a damage award rather than injunctive relief would not qualify under Rule 23(b)(2)." *See AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1179 (11th Cir. 2019) (quoting 7AA Wright, Miller, and Kane, Fed. Prac. & Proc. Civ. § 1775 (3d ed. 2010)). Indeed, since Rule 23(b)(2) only authorizes a class action if the plaintiff seeks "final injunctive relief" or "*corresponding* declaratory relief," the federal courts have held that the "declaratory relief" must either allow for "injunctive relief or serve[] as a basis for injunctive relief" and "does not extend to cases in which the appropriate final

9

relief relates exclusively or predominantly to money damages." *AA Suncoast Chiropractic Clinic*, 938 F.3d at 1179 (citing Fed. R. Civ. P. 23(b)(2) and Advisory Committee's Note to 1966 amendment to Rule 23). Accordingly, since Harrison's proposed amended complaint has not requested injunctive relief, and her request for declaratory relief merely seeks to lay a basis for obtaining money damages, the Court should conclude that the proposed class action is, in reality, a claim for damages that must satisfy the class certification standards set forth in Rule 23(b)(3). *Id.* at 1178-1179; *see also Holmes v. Continental Can Co.*, 706 F.2d 1144, 1158 n.10 (11th Cir. 1983) (holding that "the policies underlying the requirements of (b)(3) should not be subverted by recasting and bifurcating every class suit for damage as one for final declaratory relief of liability under (b)(2), followed by a class suit for damages under (b)(3)") (citations omitted).

In this regard, Plaintiff's Motion also misconstrues the legal standards that govern Rule 23(b)(1) class action. As the Sixth Circuit has held, "[c]ertification [under Rule 23(b)(1)] is not appropriate simply because 'some plaintiffs may be successful in their suits against a defendant while others may not.' " *Pipefitters Loc. 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 633 (6th Cir. 2011) (citations omitted). Harrison, therefore, may not circumvent the mandatory requirements of a Rule 23(b)(3) class action merely by alleging that the courts may reach different liability judgments in deciding whether individual class members are entitled to recover just compensation damages for an alleged taking. *See* 7AA Wright, Miller, & Kane, supra, § 1773 (3d ed. 2010) (explaining that Rule 23(b)(1) "requires more than a risk that separate judgments would oblige the opposing party to pay damages to some class members and not to others or to pay them different amounts"). Accordingly, since Harrison's takings claim is, in reality, a claim for money damages, it must comply with the mandatory requirements of Rule 23(b)(3). *Dukes*, 564 U.S. at 362 ("individualized monetary claims belong in Rule 23(b)(3)").

For this reason, therefore, the Court should reject Plaintiff's attempt to circumvent the Sixth Circuit's ruling in *Tarrify* by re-casting her alleged takings claim for damages as a claim for "declaratory relief." *AA Suncoast Chiropractic Clinic,* 938 F.3d at 1179 ("mere recitation of a request for declaratory relief cannot transform damages claims into a Rule 23(b)(2) class action") (citations omitted). Indeed, it does not matter whether the proposed class action is alleged under Rule 23(b)(1) or 23(b)(2) because, as the Supreme Court explained in *Dukes*, it is "clear that individualized monetary claims belong in Rule 23(b)(3)." *Id.*, 564 U.S. at 362. Accordingly, since "Rule 23(b)(3) is the proper mechanism for certifying a damages class," Plaintiffs should not be able to circumvent the mandatory requirements for a Rule 23(b)(3) class action merely by "lop[ping] off all the damages-based warts and recast[ing] their claim" as one for declaratory relief. *AA Suncoast*, 938 F.3d at 1179-1180.

### 2. Harrison's New Proposed Class Also Is Futile Because She Cannot Satisfy The Mandatory Requirements Of Rule 23(a).

Plaintiff's proposed amendment also is futile because the new, proposed Rule 23(b)(1) and (b)(2) class action also cannot satisfy the mandatory requirements of Rule 23(a). As the Supreme Court explained in *Dukes*, the key issue in deciding whether the "commonality" and "typicality" requirement has been met is whether the "issue that is central to the validity of each one of the claims" is "capable of classwide resolution." *Id.*, 564 U.S. at 350-351, 131 S.Ct. 2541; *see also Davis v. Cintas Corp.*, 717 F.3d 476, 487 (6th Cir. 2013)) (explaining how *Dukes* clarified the scope of this inquiry"). Here, the Sixth Circuit already has held that the key, controlling issue in deciding liability for the alleged takings claims "requires individualized determinations ill-equipped for classwide proof." *Tarrify*, 37 F.4th at 1106. This is not only fatal to the proposed class action under Rule 23(b)(3), but it also demonstrates that Harrison's alleged takings claim cannot satisfy the "commonality" and "typicality" requirement of Rule 23(a). *Dukes*, 564 U.S. at

11

350-351; *see also Woodall*, 2021 WL 5298537, at *3-4 (holding that § 1983 claims did not satisfy "commonality" and "typicality" because liability was not "capable of classwide resolution).

Additionally, because Harrison lacks Article III standing to represent a class of plaintiffs who are seeking declaratory relief, her proposed (b)(1) and (b)(2) class actions also fail to satisfy the adequacy of representation requirement set forth in Rule 23(a)(4). As the Sixth Circuit recently explained in *Woodall*, if the named plaintiff lacks Article III standing to seek prospective relief, then she clearly is not an adequate representative to seek prospective relief on behalf of any alleged class. *Woodall*, 2021 WL 5298537, at *4-5. Indeed, as the Supreme Court recently held in *TransUnion LLC v. Ramirez*, --- U.S. ----, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021), "Article III does not give federal courts the power to order relief to any uninjured person, class action or not." *Id.* at 2208. Accordingly, for this additional reason, the proposed class action clearly cannot be certified as a matter of law because most of the proposed class members also would lack standing to request prospective declaratory relief. *See Jones v. Lubrizol Advanced Materials*, --- F. Supp. 3d ----, 2022 WL 286718, *8 (N.D. Ohio Feb. 1, 2022) (granting motion to strike class action allegations because, on its face, the proposed class definitions were "highly likely" to include a large number of people who "lack standing").

For all of these reasons, therefore, the Court should conclude that Plaintiff's attempt to circumvent the Sixth Circuit's ruling in *Tarrify* is futile and wrongfully ignores the binding Supreme Court precedent. No amount of obfuscation can change the fact that the Plaintiffs are seeking money damages, and that Harrison's new request for "declaratory relief" is simply seeking to lay a basis for recovering individualized damages awards. Under the Supreme Court's ruling in *Dukes*, therefore, Harrison cannot satisfy the mandatory requirements of Civ. R. 23(b)(1) or (b)(2) <u>and</u> cannot satisfy the mandatory requirements of Rule 23(a).

### 3. Harrison's Alleged "Sub-Class" Under Rule 23(b)(3) Is Futile And Does Not Rectify The Central Defect In The Proposed Class Action.

The fact that Harrison is wrongfully using her request for declaratory relief to lay a basis for recovering money damages is openly transparent in this case because her proposed Second Amended Complaint also includes a request to certify a "sub-class" for money damages under Rule 23(b)(3). This is a legally meritless and completely futile request that does not overcome the central defects in Harrison's proposed Rule 23(b)(3) class action. The Sixth Circuit has already held that the alleged takings claims fail to satisfy the mandatory requirements for a Rule 23(b)(3) class action because they require "individualized adjudications" to determine class membership, liability, and damages. *Tarrify*, 37 F.4th at 1106. Thus, this Court already has determined that Harrison's alleged takings claim is not the type of claim that can be certified under Rule 23(b)(3) because "individualized factual determinations would be necessary to prove that an individual (a) is a member of the proposed class, as defined by the Amended Complaint, (b) has suffered an injury-in-fact, and (c) has a valid takings claim under the Plaintiff's legal theory of the case." (Doc.#48, Order and Entry, 1, 2022, PageID#892-893).

In her Motion for Leave, Harrison argues that her new proposed "sub-class" does not require individualized adjudications because her new class definition does not rely upon the county's most recent tax valuation, but upon the Board of Revision's "Findings of Fact As To Value." (Doc. #49, Pl. Mot. for Leave, pg. 11, PageID#906). This is a meritless argument that was already heard and rejected by this Court in granting the County's Motion to Strike Class Action Allegations <u>and</u> by the Sixth Circuit in *Tarrify*. *Id.* at 1108-09. In her original Brief in Opposition to the Motion to Strike, Harrison also argued that individualized determinations of value would not be required because the Montgomery County Board of Revision makes explicit "Findings of Fact as to Value" in ordering the direct transfer of a tax-foreclosed property.

13

(Doc.#42, Pl. Opp. to Motion to Strike, PageID#808). As the County previously argued, however, the Board's Findings of Fact cannot be used to prove the merits of the alleged takings claims because the Board's findings are <u>based</u> <u>upon</u> the auditor's most recent tax appraisal and are made <u>solely</u> for the limited purpose of determining whether the transfer may be ordered without the alternative right of redemption. (Doc.#45, Def. Reply, PageID#847-848). Thus, as the Sixth Circuit explained in *Tarrify*, the Board's findings are made for a different purpose and do not actually solve the "mini-trial problem" because the Board does not consider all of the facts and circumstances that would be relevant to determining the fair market value of the property at the time of the alleged "taking." *Id.*, 37 F.4th at 1108-09 (explaining the Board considers the auditor's most recent tax valuation solely for the purpose of determining whether a property may be transferred "without a right of redemption," and it therefore "does not solve the mini-trial problem" because "the potential circumscribed utility of tax valuations does not solve the problem of time, location, interior value, and other realties of measuring the fair market value of abandoned properties at the time of an alleged taking").

   Indeed, even if they were admissible, the fact remains that the Board's findings would not be <u>binding</u> upon the parties in this Section 1983 action because, as discussed in our prior briefing, the fair market value of the property at the time of the alleged "taking" was not actually litigated by the parties in the tax foreclosure proceeding and was not essential to the judgment in the tax foreclosure proceedings. (Doc. #45, Def. Reply, PageID#848-856); (Doc. #48, Def. Supp. Mem., PageID#879-880). The Board in fact lacks the jurisdiction to decide the merits of the alleged takings claims, and thus does not actually consider or determine the fair market value of any property for purposes of an alleged takings claim. (*Id.*) Moreover, the Board's findings are not essential to the judgment because, as the Sixth Circuit explained in *Tarrify*, "the Board may order

14

transfer of the property 'regardless of whether the value of the taxes, assessments, penalties, interest, and other charges due on the parcel, and the costs of the action, exceed the fair market value of the parcel.' " *Id.*, 37 F.4th at 1109 (citing Ohio Rev. Code § 323.78(B)). Accordingly, the doctrines of collateral estoppel and judicial estoppel clearly do not apply. *Id.* at 1109-1110.

For all of these reasons, therefore, the Court should reject Harrison's meritless attempt to circumvent the Sixth Circuit's ruling in *Tarrify* and to convert her individual takings claim into a class action. The Sixth Circuit has already held that the takings claims alleged in this case are not the type of claims that can be certified as a class action. No amount of semantics and obfuscation can change this central defect in Harrison's proposed class action. Accordingly, for all of these reasons, the Court should deny Plaintiff's Motion.

## **CONCLUSION**

For all of these reasons, the Court should DENY Plaintiff's Motion for Leave to File a Second Amended Complaint.

Respectfully submitted,

Ward C. Barrentine (0074366)
Anu Sharma (0081773)
Assistant Prosecuting Attorneys
301 West Third Street
P.O. Box 972
Dayton, OH 45422
Telephone: (937) 496-7195
Facsimile: (937) 225-4822
E-mail: barrentinw@mcohio.gov
sharmaa@mcohio.org

/s/ *Stephen W. Funk*
Stephen W. Funk (0058506)
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: (330) 376-2700
Facsimile: (330) 376-4577
E-mail: sfunk@ralaw.com

*Attorneys for Defendant Montgomery County*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2022, the foregoing Opposition was filed via the Court's electronic filing system.  Service was accomplished upon Plaintiff's counsel of record via the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(3).

/s/  Stephen W. Funk